THOMPSON, Presiding Judge.
Calhoun Community College (“Calhoun”) appeals from a decision of a hearing officer determining that Calhoun’s president, Dr. Marilyn Beck, improperly denied Timothy Hudson’s request for subpoenas in connection with a hearing in which Hudson challenged a proposed change in his status and salary at Calhoun. The hearing' officer determined that, in denying Hudson’s request to have certain subpoenas issued, Dr. Beck acted arbitrarily and capriciously and'“violated any semblance of due process.” The hearing officer then concluded that Hudson should retain his previous status and salary, overturning Dr. Beck’s decision approving the proposed changes. .
The record indicates the following. Before December 2013, Calhoun operated two parallel programs that served the inmates housed at the Limestone Correctional Facility (“thé prison”). One program was the adult-literacy program, which received state funding; the other was the adult-education program, which received federal funding. The federal money cannot be used to fund the adult-literacy program.
The Alabama State Board of Education had approved two salary schedules that are pertinent to this appeal. The D-l salary schedule (“the D-l schedule”), applied to all public two-year community- and technical-college counselors, librarians, and full-time instructors who were not adult-education instructors. Instructors in the adult-literacy program at issue were paid pursuant to the D-l schedule. Hudson was hired in 2007 to work as a full-time adult-literacy instructor; therefore, he was paid pursuant to the D-l schedule. The D-3 salary schedule (“the D-3 schedule”) applied to all full-time adult-education instructors at public two-year community and technical colleges. Based on the salary schedules, Hudson earned more money under the D-l schedule than he would have earned under the D-3 schedule.
In December 2013, Calhoun decided to end the adult-literacy program because it was duplicative of the adult-education program and because state funding did not cover Calhoun’s expenses for the programs it offered at the prison. Alicia Taylor, vice president for instruction and student success at Calhoun, testified that in the three academic years preceding Calhoun’s decision to close the adult-literacy program, there was an annual deficit of “a little less than $175,000.” Hudson was the only full-time instructor for the adult-literacy program, and Calhoun employed five part-time instructors for the adult-literacy program. Taylor said that, by ending the adult-literacy program, Calhoun would save approximately $130,000 annually.
With the closure of the adult-literacy program, the employment of the five part-time instructors was terminated. However, on August 25, 2014, Calhoun offered *1177 Hudson the opportunity to transfer to a position as an instructor for the adult-education program. Taylor testified that Hudson’s lack of the required academic credentials limited the programs for which he was qualified to teach, but he was qualified to teach in the adult-education program. If Hudson did not accept the offer of the transfer, Taylor said, Calhoun’s only option would have been to terminate his employment as well.
As authorized under the Students First Act (“the SFA”), § 16-24C-1 et seq., Aa. Code 1975, Hudson requested a hearing on Calhoun’s intent to transfer. In a letter dated October 14, 2014, Calhoun notified Hudson that the hearing was scheduled for November 19, 2014. Athough the letter is not contained in the record on appeal, Hudson does not dispute that it stated that any requests for subpoenas should be made on or before November 7, 2014. It is further undisputed that Hudson did not request the issuance of any subpoenas by the deadline.
On November 17, 2014, two days before the hearing was to take place, Hudson’s attorney asked that the hearing be rescheduled because, she said, she had a scheduling conflict. The hearing was rescheduled for December 1,2014.
On November 21, Hudson, for the first time, requested that Dr. Beck issue a number of subpoenas. Calhoun moved to quash the subpoenas on the ground that Hudson’s request was untimely under the schedule Dr. Beck had established. On November 26, 2014, Dr. Beck granted Calhoun’s motion and refused to issue the requested subpoenas.
The hearing was held on December 1, 2014, as scheduled. Ater the hearing, Dr. Beck entered a decision allowing Hudson’s transfer to the adult-education program to go forward. Hudson appealed Dr. Beck’s decision to the hearing officer, who was selected in accordance with the SFA. On June 10, 2015,- the hearing officer reversed Dr. Beck’s decision, concluding that, in denying Hudson’s request to issue subpoenas, Dr. Beck had deprived Hudson of his right to due process. The hearing officer further concluded that Hudson should retain his status as an adult-literacy instructor (a position which no longer existed) and the higher salary accompanying that position. Calhoun appealed the hearing officer’s decision to this court, pursuant to the SFA. •
Calhoun contends that the hearing officer erred in reversing Dr. Beck’s decision allowing Calhoun to transfer Hudson to the adult-education program based on the hearing officer’s determination that Dr. Beck had erred in refusing to issue the subpoenas that Hudson requested. As part of this assertion, Calhoun states that Hudson failed to preserve for the hearing officer’s review the issue of whether Dr. Beck properly refused to issue the requested subpoenas. Specifically, Calhoun says that because Hudson failed to make a proffer of the evidence he expected his potential witnesses to provide, this issue was not preserved. However, our research has revealed no statute or caselaw requiring a party to make a proffer of anticipated evidence when seeking the issuance of a subpoena from a court or other tribunal. Calhoun cites two opinions- in support of its position, Thompson v. Patton, 6 So.3d 1129, 1138 (Ala.2008), and Gallant v. Gallant, 184 So.3d 387 (Ala.Civ.App.2014). Neither of those opinions, however, involves the refusal of a tribunal to issue a subpoena. Instead, the cited authority addresses whether an appellate court can reverse a trial court’s decision to exclude evidence if the party seeking to introduce the evidence fails to make an offer of proof as to what that evidence would be. Accordingly, Thompson and Gallant are not applicable.
*1178 We turn now to. the merits of the issue regarding whether Dr. Beck properly refused to issue the requested subpoenas. We first note that § 16-24C-7(f), Ala.Code 1975, allows Hudson to challenge the involuntary transfer. That section provides:
“A tenured teacher or nonprobationary classified employee may be involuntarily transferred to another position that provides for a lower rate or amount of pay or a shorter term of employment, subject to the following terms-and conditions: The notice of proposed transfer and subsequent proceedings, except for use of the term transfer, shall conform and be subject to the' substantive and procedural standards and requirements that apply to termination of nonproba-tionary employees under Section 16-24C-6, [Ala.Code 1975,] and to appeals therefrom. No vote or decision on such transfers shall be made for political or personal reasons. Notwithstanding the foregoing, transfers or reassignments that are made as a part of, as a consequence of, or in conjunction with reductions-in-force authorized under Section 16-1-33, [Ala.Code 1975,] or in order to comply with state or federal law are not subject to challenge or review under this chapter [i.e., the SFA], whether or not such transfers or reassignments are; to positions that provide-for a lower rate or amount of pay or a shorter term of employment.”[1]
As to the issuance of subpoenas, § 16-24C-6(c), Ala,Code 1975, provides:
“The chief executive officer shall issue subpoenas compelling the appearance of witnesses on the employee’s behalf upon the employee’s timely request for issuance of such subpoenas and may issue subpoenas to any witness who the chief executive officer believes may have knowledge or evidence bearing on the issues presented for determination.”
(Emphasis added.)
In its brief, Calhoun cites Ex parte Lambert, 199 So.3d 761 (Ala.2015), to support its assertion that Dr. Beck’s decision not to issue the requested subpoenas was not arbitrary and capricious and that a hearing officer is to afford deference to the decisions of an employer. Calhoun also contends that the hearing officer cannot substitute his or her judgment for that of the employer. In Ex parte Lambert, 199 So.3d at 768, our supreme court wrote:
“We agree with the Court of Civil Appeals that applying the arbitrary-and-capricious standard of review to challenged decisions in teacher-termination cases accords with the legislature’s stated purposes in enacting the SFA:
“ ‘[T]he legislature has specifically stated that it intended for the SFA to “[r]estor[e] primary authority and responsibility for maintaining a competent educational workforce” to school boards, § 16-24C-2(2), [Ala.Code 1975,] and further stated that its objective was . to “[e]liminat[e] costly, cumbersome, and counterproductive legal challenges to routine personnel decisions by simplifying administrative adjudication and review of contested personnel decisions,” § 16-24C-2(5)[, AIa.Code 1975].’ ”
(Quoting Huntsville City Bd. of Educ. v. Jacobs, 194 So.3d 929, 939 (Ala.Civ.App.2014)(emphasis added).) As we read Lambert and the SFA, the arbitrary-and-capricious standard applies to the ultimate personnel decisions of the employer, that is, to the decisions regarding the proper action to take regarding a certain employee. We do not read Lambert *1179 or the SFA as requiring a hearing officer — or this court — to afford deference to an employer’s decisions regarding procedural matters such as the issuance of subpoenas.
Pursuant to § 16-24C-6(c), the issuance of subpoenas requested by an employee is mandatory if the request is timely. However, the SFA gives no guidance as to what constitutes a timely request for the issuance of a subpoena, and our research has revealed no cases, statutes, or regulations regarding what constitutes a timely filed request for a subpoena.
We understand Dr. Beck’s reluctance to issue the requested subpoenas after Hudson failed to meet the deadline imposed in the letter of October 14, 2014. We do not condone the.failure of Hudson’s attorney to meet that deadline, especially without offering any explanation for that failure. Once the hearing was rescheduled for December 1, 2014, however, there was ample time for Dr. Beck to issue the subpoenas that Hudson requested on November 21, 2014. We note that the subpoenas, copies of which are contained in the record on appeal, sought only to compel the witnesses’ testimony; they did not seek production of documents, which could have been time consuming. Given the mandate in § 16-24C-6(c) requiring Dr. Beck to issue subpoenas upon a timely request, we agree with the hearing officer that Dr. Beck erred in refusing to issue the subpoenas Hudson requested.
However, we disagree with the hearing officer’s conclusion that the failure to issue subpoenas entitled Hudson to retain his previous status and salary as an adult-literacy instructor. The hearing officer’s decision to allow Hudson to retain his previous status and salary was not based on the merits of the case on appeal. Instead, upon determining that Dr. Beck had erred in not issuing the subpoenas, the hearing officer should have remanded the matter with instructions to issue the subpoenas . that Hudson had requested and then hold a new hearing. See Ex parte Lambert, 199 So.3d at 760 (noting that this court, in Lambert v. Escambia Cnty. Bd. of Educ., 199 So.3d 751, 760 (Ala.Civ.App.2013), correctly recognized that “ ‘implicit in giving the hearing officer the authority to reverse a[n employer’s] decision is the power to remand the action’ ”).
Accordingly, we reverse the hearing officer’s determination that Hudson is entitled to retain his status and salary as an adult-literacy instructor, and we remand this action for a new hearing before the employer, Dr, Beck, to proceed in a manner consistent with this opinion. See Ex parte Wilson, 984 So.2d 1161, 1171 (Ala.2007).
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ„ concur.

. Calhoun does not assert that the transfer was made in conjunction with a reduction in force authorized under § 16-1-33, Ala.Code .1975, or to comply with state or federal law.